**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Ivonne Maske, | No. CV-18-04891-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the motion for an award of attorneys' fees under 42 U.S.C. § 406(b) (Doc. 29) and memorandum in support thereof (Doc. 30), submitted by Plaintiff's counsel ("Counsel"), which the Commissioner does not oppose[1] (Doc. 32). Counsel seeks $22,367 in § 406(b) fees. (Doc. 29.)

The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits awarded to her. (Doc. 30-2.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802-04 (2002).

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807-08. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question" because the fees, if granted, will be taken out of Plaintiff's past-due benefits, and therefore the Commissioner's role "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Counsel provided a notice of award from the Social Security Administration that states: "We usually withhold 25 percent of the past due benefits in order to pay the approved representative's fee.  We withheld $22,367.00 from your past due benefits in case we need to pay your representative. (Doc. 30-1 at 4.)  The Court notes that this is not an affirmative statement that $22,367 is 25 percent of the past due benefits, and the notice of award fails to state the total amount of the past due benefits.  The Court has repeatedly, in various other cases, asked the Social Security Administration to provide a notice of award that affirmatively states the total amount of past due benefits, but commonly the notices of award lack such an affirmative statement.  In the Court's experience, the amount withheld is consistently 25% of the total amount.  Thus, the Court will infer that the amount Counsel seeks does not exceed 25% of the past due benefits.

The Court must determine whether it is appropriate to reduce Counsel's recovery "based on the character of the representation and the results the representative achieved" by assessing, for example, whether Counsel is "responsible for delay" or whether "the benefits are large in comparison to the amount of time counsel spent on the case."[2] *Gisbrecht*, 535 U.S. at 808.  Counsel included a record of the hours spent representing Plaintiff. (Doc. 30-3.)  Having reviewed the docket and the time records, the Court finds no cause to reduce Counsel's recovery.

Accordingly,

**IT IS ORDERED** that Counsel's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 29) is **GRANTED** in the amount of $22,367.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of

---

[2] This determination does not equate to use of the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement.  A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all.").

1 | the EAJA fee award and the § 406(b) fee award to Plaintiff.
2 |     Dated this 29th day of January, 2026.

_____
Dominic W. Lanza
United States District Judge